**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW WILLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 18-cv-0081 |
| | ) | |
| v. | ) | |
| | ) | |
| THE HONORABLE JACK EWING, in is | ) | |
| capacity as Judge of Galveston County Court | ) | |
| at Law Number Three, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND  RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, the Honorable Jack Ewing ("Defendant" or "Judge Ewing") and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), files this Memorandum in Support of Defendant's Motion to Dismiss Plaintiff Andrew Willey's ("Plaintiff" or "Willey") Complaint in its entirety, with prejudice, for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted.

## TABLE OF CONTENTS

I. INTRODUCTION......................................................................................................7

II. STATEMENT OF THE ISSUES.............................................................................7

III. SUMMARY OF THE ARGUMENT.......................................................................8

IV.    RULE 12(B)(1) MOTION TO DISMISS ............................................................... 8

  A.    Standard of Review for Motions to Dismiss Pursuant to Rule 12(b)(1) ............... 8

  B.    Plaintiff cannot meet his burden to establish subject matter jurisdiction ............. 9

  C.    Plaintiff lacks standing under Article III of the U.S. Constitution and cannot demonstrate adverse legal interests .................................................................................. 9

  D.    Plaintiff lacks standing and cannot demonstrate the elements required to invoke the Court's jurisdiction. .......................................................................................... 11

    1.    Plaintiff has not suffered an injury in fact. ....................................................... 12

    2.    Plaintiff has not demonstrated a causal connection .......................................... 13

    3.    It is unlikely that the injury complained of would be redressed by a favorable decision ......................................................................................................................... 14

  E.    Plaintiff lacks standing to challenge the statutory indigent defense system ........ 16

V.    RULE 12(B)(6) MOTION TO DISMISS ................................................................ 17

  A.    Standard of Review for Motions to Dismiss Pursuant to Rule 12(b)(6) .............. 17

  B.    Plaintiff's Complaint is impermissibly vague ..................................................... 18

  C.    Plaintiff has failed to plead the elements to state a claim for a violation of his First Amendment rights in association with employment retaliation. ........................... 20

    1.    Willey fails to sufficiently allege an adverse employment decision ................ 21

    2.    Willey's speech did not involve a matter of public concern. ........................... 22

    3.    Willey's Complaint fails to plead that his interest in speech outweighed the Court's interest in running its docket. ........................................................................ 25

    4.    Willey fails to plead facts demonstrating his speech precipitated the adverse employment decisions. .............................................................................................. 25

  D.    Judge Ewing is entitled to judicial immunity. .................................................... 26

  E.    Plaintiff's allegations fail to state a claim upon which a declaratory judgment can be granted. ................................................................................................................... 26

  F.    The requested declaratory relief violates the judicial canons. .............................. 28

  G.    Plaintiff's allegations regarding the indigent defense system in Texas and Galveston County fails to state a claim upon which relief can be granted .................... 29

VI.    CONCLUSION ....................................................................................................... 29

# TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,*
   300 U.S. 227, 57 S. Ct. 461, 81 L. Ed. 617 (1937) ......................................................... 9

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ................................... 16, 17, 20

*Batra v. RLS Supermarkets LLC, 3:16-CV-2874-B,*
   2017 WL 3421073 (N.D. Tex. Aug. 9, 2017) .................................................................. 8

*Bauer v. Texas,*
   341 F.3d 352 (5th Cir. 2003) ................................................................................... 9, 15

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .......................... 16, 17, 19, 20

*Bradley v. Fisher,*
   80 U.S. 335, 20 L. Ed. 646 (1871) ............................................................................. 27

*Bright v. Gallia County, Ohio,*
   753 F.3d 639 (6th Cir. 2014) ............................................................................... 23, 24

*City of Los Angeles v. Lyons,*
   461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) ................................................ 9

*Collins v. Morgan Stanley Dean Witter,*
   224 F.3d 496 (5th Cir. 2000) ..................................................................................... 16

*Cone Corp. v. Florida Dept. of Transp.,*
   921 F.2d 1190 (11th Cir. 1991) ................................................................................... 9

*Connick v. Myers,*
   461 U.S. 138, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983) ....................................... 21, 24

*Davis v. McKinney,*
   518 F.3d 304 (5th Cir. 2008) ..................................................................................... 21

*Davis v. Tarrant County, Tex.,*
   565 F.3d 214 (5th Cir. 2009) ............................................................................... 14, 25

*Emory v. Peeler*,
756 F.2d 1547 (11th Cir. 1985) ...................................................................................... 9

*Fiesel v. Cherry*,
294 F.3d 664 (5th Cir. 2002) ........................................................................................ 21

*Garcetti v. Ceballos*,
547 U.S. 410, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006) ..................................... 21, 22

*Graziosi v. City of Greenville Miss.*,
775 F.3d 731 (5th Cir. 2015) ...................................................................................... 21, 22

*Handy-Clay v. City of Memphis, Tenn.*,
695 F.3d 531 (6th Cir. 2012) ....................................................................................... 24

*In re Eckstein Marine Serv. L.L.C.*,
672 F.3d 310 (5th Cir. 2012) ........................................................................................ 8

*In re Sec. Litig. BMC Software, Inc.*,
183 F. Supp. 2d 860 (S.D. Tex. 2001) ......................................................................... 16

*Isquith for & on Behalf of Isquith v. Middle S. Utilities, Inc.*,
847 F.2d 186 (5th Cir. 1988) ........................................................................................ 17

*Juarez v. Aguilar*,
666 F.3d 325 (5th Cir. 2011) ....................................................................................... 20

*King v. Zamiara*,
680 F.3d 686 (6th Cir. 2012) ....................................................................................... 24

*Kinney v. Weaver*,
367 F.3d 337 (5th Cir. 2004) ....................................................................................... 20

*Lane v. Franks*,
134 S. Ct. 2369, 189 L. Ed. 2d 312 (2014) ................................................................ 21

*Lee v. Verizon Communications Inc.*,
954 F. Supp. 2d 486 (N.D. Tex. 2013) .......................................................................... 8

*Little v. Texas Atty. Gen., 3:14-CV-3089-D*,
2015 WL 5613321 (N.D. Tex. Sept. 24, 2015) ............................................................ 8

*Lujan v. Defs. of Wildlife*,

504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)................................... 8, 10, 11

*Machetta v. Moren*, 4:16-CV-2377,
　2017 WL 2805192 (S.D. Tex. Apr. 13, 2017) .......................................... 8, 9

*MCG, Inc. v. Great W. Energy Corp.*,
　896 F.2d 170 (5th Cir. 1990) ...................................................... 7

*Mezibov v. Allen*,
　411 F.3d 712 (6th Cir. 2005) ..................................................... 23

*Nollet v. Justices of Trial Court of Com. of Mass.*,
　83 F. Supp. 2d 204 (D. Mass. 2000) ............................................ 15

*Odonnell v. Harris County, Texas*,
　227 F. Supp. 3d 706 (S.D. Tex. 2016) ......................................... 17

*Paige v. Coyner*,
　614 F.3d 273 (6th Cir. 2010) ..................................................... 24

*Pickering v. Bd. of Ed. of Tp. High Sch. Dist. 205, Will County, Illinois*,
　391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968)................................ 21

*Raines v. Byrd*,
　521 U.S. 811, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997)............................. 8

*Ruiz v. Estelle*,
　161 F.3d 814 (5th Cir. 1998) ...................................................... 8

*Saldana v. Angleton Indep. Sch. Dist.*, 3:16-CV-159,
　2017 WL 749292 (S.D. Tex. Feb. 27, 2017) ................................... 16

*Salge v. Edna Indep. Sch. Dist.*,
　411 F.3d 178 (5th Cir. 2005) ..................................................... 21

*Schultea v. Wood*,
　47 F.3d 1427 (5th Cir. 1995) ..................................................... 12

*Spokeo, Inc. v. Robins*,
　136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)........................................ 10, 11

*Tuchman v. DSC Communications Corp.*,
　14 F.3d 1061 (5th Cir. 1994) ..................................................... 16

*Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*,
   386 F.3d 581 (4th Cir. 2004) ........................................................................... 25

*Williamson v. Tucker*,
   645 F.2d 404 (5th Cir. 1981) ........................................................................... 7

**Statutes**

42 U.S.C. S 1983 ................................................................................................. 13

Article III of the Constitution ............................................................................. 8

Article III of the U.S. Constitution .......................................................... 1, 6, 7, 8

U.S. Const. art. III, § 2 ......................................................................................... 8

**Rules**

Fed. R. Civ. P. 8(a)(2) .................................................................................. 17, 19

Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) .................................. 5, 29

Rule 8(a) ....................................................................................................... 19, 25

Rule 12(b)(1) .............................................................................................. 6, 7, 8

Rule 12(b)(6) .................................................................................... 7, 16, 19, 23

# I.    INTRODUCTION

Plaintiff, Andrew Willey alleges that Defendant, Judge Jack Ewing improperly removed him from cases to which he was assigned and passed him over for future assignments in retaliation for Plaintiff publicly expressing his views regarding indigent defendants. Plaintiff's sole claim for relief is "Retaliation in Violation of Willey's First Amendment Rights." Plaintiff seeks to vindicate his right to advocate for his clients and speak out on their behalves without fear that he will be removed from his position as a result.

While Plaintiff's sole claim is for retaliation in violation of his First Amendment right to free speech, the substance of Plaintiff's complaint is actually a personal commentary on the unconstitutionality of the money-bail system in Galveston, the shortcomings of the indigent defense system in Texas, the Galveston County Plan and Judge Ewing's alleged de facto endorsement.

# II.    STATEMENT OF THE ISSUES

1. Does Plaintiff have standing to bring the claims asserted in his Complaint under Article III of the U.S. Constitution?

2. Can Plaintiff demonstrate the required elements to invoke this Court's jurisdiction?

3. Does Plaintiff have standing to challenge the Texas and Galveston County indigent defense system?

4. Does Plaintiff allege a valid cause of action and plead the necessary elements upon which the requested relief can be granted and/or to support the alleged violation of his First Amendment rights and retaliation claim against Judge Ewing?

5. Does Plaintiff's requested relief violate the judicial canons?

6. Is Plaintiff improperly seeking redress from the Federal Court system?

### III.    SUMMARY OF THE ARGUMENT

Defendant files his Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction because Plaintiff lacks standing to bring the claims asserted herein under Article III of the U.S. Constitution and cannot establish the elements necessary to invoke this Court's jurisdiction. Plaintiff further lacks standing to challenge the statutory indigent defense system.

Defendant further asserts a Rule 12(b)(6) Motion to Dismiss for Failure to State a Cause of Action upon which relief can be granted. Plaintiff's Complaint is impermissibly vague and he has failed to plead the necessary elements to support both the alleged violation of his First Amendment rights and any alleged retaliation claim. Further Plaintiff's allegations as to Judge Ewing's conduct fail to state a claim upon which the declaratory relief Plaintiff seeks can be granted. The requested declaratory relief violates the judicial canons and improperly seeks redress through the Federal Court system. Accordingly, the Court cannot grant the relief sought and Plaintiff's claims should be dismissed in their entirety.

### IV.    RULE 12(B)(1) MOTION TO DISMISS

#### A.  Standard of Review for Motions to Dismiss Pursuant to Rule 12(b)(1)

In adjudicating a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir.

1990) *citing Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

### B. Plaintiff cannot meet his burden to establish subject matter jurisdiction

Plaintiff's Complaint should be dismissed because this Court lacks the authority to hear the dispute because Plaintiff lacks standing to bring the claims asserted herein. No adverse interests exist between Willey and Judge Ewing, Willey cannot demonstrate the elements required to invoke the Court's jurisdiction, and Plaintiff lacks standing to assert a claim on the behalf of indigent defendants.

"Standing is an issue of subject matter jurisdiction, and thus can be contested by a Rule 12(b)(1) motion to dismiss."[1] Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing subject-matter jurisdiction, not the party moving for dismissal.[2] Accordingly, once a defendant files a motion to dismiss alleging lack of subject-matter jurisdiction, the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over the dispute. *Id.* In this case, Plaintiff cannot meet its burden and as a result, the granting of Defendant's Motion to Dismiss is proper.

### C. Plaintiff lacks standing under Article III of the U.S. Constitution and cannot demonstrate adverse legal interests.

Plaintiff lacks standing as Article III of the Constitution limits a federal court's jurisdiction to matters that are deemed "cases" or "controversies."[3]

---

[1] *Batra v. RLS Supermarkets LLC*, 3:16-CV-2874-B, 2017 WL 3421073, at *1 (N.D. Tex. Aug. 9, 2017) quoting *Little v. Texas Atty. Gen.*, 3:14-CV-3089-D, 2015 WL 5613321, at *2 (N.D. Tex. Sept. 24, 2015), aff'd sub nom. Little v. Obryan, 655 Fed. Appx. 1027 (5th Cir. 2016) (citing *Lee v. Verizon Communications Inc.*, 954 F. Supp. 2d 486, 496 (N.D. Tex. 2013)).
[2] *Batra*, 2017 WL 3421073, at *3 *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 314 (5th Cir. 2012).
[3] *Machetta v. Moren*, 4:16-CV-2377, 2017 WL 2805192, at *2 (S.D. Tex. Apr. 13, 2017), report and

To meet Article III standing in a suit for injunctive or declaratory relief, the plaintiff must allege facts showing a substantial and continuing controversy between adverse parties. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Thus, Plaintiff must show that he and Defendants have adverse legal interests. See *id.* at 359 (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 57 S. Ct. 461, 81 L. Ed. 617 (1937)). *Machetta*, 2017 WL 2805192, at *2.

Plaintiff has failed to allege and cannot establish that he and Judge Ewing have adverse legal interests. A judge acting in his judicial capacity and an attorney defending a client do not have adverse legal interests because the judge has no personal or institutional stake in the controversy. Plaintiff's complaints about Judge Ewing are for actions, or lack thereof, taken while handling litigation on his docket.

Further, when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future in order to demonstrate that a case or controversy exists to meet the Article III standing requirement.[4] "The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred." *Bauer*, 341 F.3d at 358 quoting *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985). Further, "the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.*

Plaintiff alleged he was retaliated against, in part, because he sought to provide a

---

recommendation adopted, 4:16-CV-2377, 2017 WL 2805002 (S.D. Tex. June 28, 2017), aff'd, 726 Fed. Appx. 219 (5th Cir. 2018), report and recommendation adopted, 4:16-CV-2377, citing *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998) (citing U.S. Const. art. III, § 2 and *Raines v. Byrd*, 521 U.S. 811, 818, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997)).

[4] *Bauer*, 341 F.3d at 358; *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983); *Cone Corp. v. Florida Dept. of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991).

vigorous legal and factual defense for his clients, and because he made reasonable requests for the funds necessary to provide a vigorous defense legal and factual defense for his clients" and because of "his constitutionally protected advocacy". ¶110-111. Plaintiff's Complaint demonstrates that there is no continuing controversy regarding such conduct. The incidents in which Judge Ewing denied full payment of Willey's voucher amounts occurred in November 2015 and February 2016; however, Willey's account of the recorded July 15, 2016 meeting with Judge Ewing indicates Judge Ewing clearly explained that he removed him from certain cases because he lacked the experience to know what is reasonably needed sometimes to handle a case where Mark Stevens had approximately 20 years of experience. Judge Ewing further advised Plaintiff that due to the volume of cases, there was a delicate balance between making sure that a person gets adequately represented, as opposed to getting the best representation. Plaintiff's allegations demonstrate that Judge Willey explained the reasons for his removal from the cases at issue and that said reasons were inconsistent with retaliation. Further, the conversation ended with Willey stating that he would be honest with his timesheets and that if Judge Ewing had "to cut 'em for budgetary reasons, whatever…we'll deal with that…" Willey's Complaint even states, "Willey meant that Judge Ewing and he could deal with disputes over the appropriate payment for his work through the process established by the Galveston Indigent Defense Plan and the Texas Fair Defense Act." ¶ 96 The conversation, recorded by Plaintiff, demonstrates that there is no continuing controversy.

**D. Plaintiff lacks standing and cannot demonstrate the elements required to invoke the Court's jurisdiction.**

Standing consists of three elements that must be demonstrated to invoke the Court's jurisdiction. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) (quoting *Lujan*, 504 U.S. at 560). Accordingly, Willey must demonstrate the following: (1) Plaintiff suffered an injury-in-fact, that is, the invasion of a legally protected interest which is concrete and particularized and actual or imminent; (2) there exists a causal connection between the injury and the conduct which is fairly traceable to the challenged action; and (3) it is likely, as opposed to merely speculative, that the injury complained of will be redressed by a favorable decision. *Id.* At the pleading stage, the plaintiff must clearly allege facts demonstrating each element. *Spokeo, Inc.*, 136 S. Ct. at 1547. As a result, Plaintiff's Complaint is defective and Plaintiff has not met his burden to clearly allege facts demonstrating each of the required elements to invoke the Court's jurisdiction. Further, the facts alleged demonstrate Plaintiff's claim cannot meet the elements; thus, any amendment would be futile.

### 1. Plaintiff has not suffered an injury in fact.

As to the first element, Willey has failed to allege facts demonstrating that he suffered an injury in fact. Willey has failed to demonstrate that he suffered " 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc.*, 136 S. Ct. at 1548, quoting *Lujan*, 504 U.S. at 560. Willey, a defense attorney with a financially successful private practice, complains Judge Ewing removed him from cases to which he was appointed and refuses to assign him to additional cases as retaliation because he "publicly complained about the practices in the Galveston County criminal system, because he sought to provide a vigorous legal and

factual defense for his clients, and because he made reasonable requests for the funds necessary to provide a vigorous defense legal and factual defense for his clients" and because of "his constitutionally protected advocacy". ¶110-111. However, Willey has failed to allege any facts demonstrating that he has "a legally protected interest" in being assigned cases in Judge Ewing's court. Texas law is clear. Employment is terminable at will absent a contract stating otherwise and Willey has failed to allege any contractual relationship that would entitle him to a legally protected interest in being appointed to new cases. *Schultea v. Wood*, 47 F.3d 1427, 1429 (5th Cir. 1995).

Additionally, not only does Willey fail to allege imminent harm, but the harm complained of merely speculative. Willey claims that he has not been appointed to non-jail-docket cases in Judge Ewing's court since May 2016 and that prior to that time, he regularly received such appointments. Willey speculates that "given the number of attorneys on the panel in Galveston, it is very unlikely…that random selection would have caused Willey to receive zero appointments in non-jail-docket cases before Judge Ewing over this period." ¶ 105-106. However, Willey fails to indicate whether or not he was receiving appointments from other judges during this time period and fails to allege he was available to receive appointments during the time period in question. Willey merely speculates that it is unlikely random selection would have caused the lack of appointments.

### 2. Plaintiff has not demonstrated a causal connection

Plaintiff has not demonstrated a causal connection between the injury and the conduct which is fairly traceable to the challenged action. Willey claims Judge Ewing removed him from cases to which he had been assigned and refuses to assign him to further

cases because of his "constitutionally required advocacy on behalf of his clients in their cases and his political advocacy."[5]

### 3. It is unlikely that the injury complained of would be redressed by a favorable decision.

As to the third element, Willey has clearly failed to allege facts that it is remotely likely that the claimed injury complained of will be redressed by a favorable decision. In his prayer for relief, Willey requests three types of relief while simultaneously conceding that his is not entitled to two of them. Willey requests an injunction requiring Judge Ewing to reinstate him to his previous position on the graduated list and to resume appointing him to cases; however, he specifically recognizes that the Fifth Circuit has held that maintaining and administering a panel for counsel appointments is a judicial act, and that as a result, an injunction may *not* be issued against Judge Ewing. Plaintiff clearly has no intention of pursuing injunctive relief and has admitted that he has only requested an injunction requiring Judge Ewing to reinstate him to his previous position on the list and resume appointing him to cases only to preserve his argument that the 5th Circuit holding in *Davis* is incorrect.

He further admits that he included the claim for relief "only to preserve his argument that the Fifth Circuit's holding on this point is incorrect."[6]  Willey similarly recognizes that his request for attorney's fees under 42 U.S.C. S 1988 is unavailable and that he only included the request to preserve his argument that the Fifth Circuit's holding on this point

---

[5] Document 1, pages 8-10.
[6] Document 1, page 20, footnote 5.

in incorrect. In other words, Willey readily admits that not only is it unlikely that the injury complained of will be redressed by a favorable decision, but that two of his requests for relief are unavailable and thus virtually guaranteed not to be granted.

The Fifth Circuit has held that maintaining and administering a panel for counsel appointments is a judicial act and recognizes that an injunction may not issue against Judge Ewing unless declaratory relief was unavailable or unless Judge Ewing violated a declaratory decree, a fact that Plaintiff, citing *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 227 (5th Cir. 2009) already concedes. *Id.*

His only remaining request is for a declaratory judgment that Judge Ewing may not retaliate against him for filing non-frivolous motions, requesting reasonable funds, and for advocating in and out of court, and such relief is not likely to receive a favorable decision. In fact, any suggestion that a favorable decision in this case will redress any issues is not only unlikely, but impossible. A declaratory judgement that Judge Ewing may not retaliate against Willey would be vague and unenforceable, not to mention, impossible to measure. Further Judge Ewing is already bound by the Judicial canons to exercise the power of appointment impartially and on the basis of merit and is subject to disciplinary action if he fails to do so; thus, the entry of a declaratory judgment in Willey's favor would amount to nothing more than a declaration that he was wronged and would have no effect on Judge Ewing's behavior towards him as Judge Ewing is already bound by the judicial canons. Accordingly, there is nothing that could be accomplished by a favorable decision in this case.

### E. Plaintiff lacks standing to challenge the statutory indigent defense system.

Plaintiff lacks standing to challenge the indigent defense system in Texas on behalf of indigent defendants. Willey's Complaint, which focuses on allegations of various Constitutional violations in the jail docket, indicates that he filed a complaint with the Texas Indigent Defense Commission arguing that the "money-bail system in Galveston is unconstitutional, that the videolink system used by the court violates Texas law, that inmates are systematically serving jail time because they are unable to pay court costs, that the docket is impermissibly controlled by the district attorney's office and that attorneys cannot communicate with their clients confidentially." ¶ 63. Willey's complaints about the indigent defense system are clearly due process claims that belong to the indigent defendants, not the defense attorney, and are clearly beyond the scope of any claims alleged in this matter.

Even if Plaintiff had standing to assert these claims, Judge Ewing would not be a proper party to such a lawsuit. A section 1983 due process claim is not actionable against a state judge acting purely in his adjudicative capacity because he is not a proper party in a section 1983 action challenging the constitutionality of a state statute.[7] Judge Ewing had no part in the establishment of the Indigent Defense system or any of the Constitutional violations of which Willey complains.

---

[7] *Bauer*, 341 F.3d at 359; *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 211 (D. Mass. 2000), aff'd sub nom. Nollet v. Justices of Trial Court of Com. of Massachusetts, 248 F.3d 1127 (1st Cir. 2000)

## V.    RULE 12(B)(6) MOTION TO DISMISS

Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

"In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations" as the courts will not accept as true "conclusory allegations or unwarranted deductions of fact."[9] In this case, Plaintiff's Complaint is fraught with conclusory and vague allegations and unwarranted deductions of fact.

### A.   Standard of Review for Motions to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp.*, 127 S. Ct. at 1964–65.

In deciding a motion to dismiss for failure to state a claim, the court may consider documents "integral to and explicitly relied on in the complaint, that the defendant appends

---

[8] *Saldana v. Angleton Indep. Sch. Dist.*, 3:16-CV-159, 2017 WL 749292, at *2 (S.D. Tex. Feb. 27, 2017) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (internal citations, quotation marks and ellipses omitted).

to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001). These materials can be considered without converting the motion to dismiss to a motion for summary judgment.[10]  Plaintiff's Complaint repeatedly references and relies on The Galveston County Plan, Including Standing Rules and Orders for Procedures for Timely and Fair Appointment of Counsel for Indigent Accused Persons in Galveston County, Texas, pursuant to the Texas Fair Defense Act; accordingly, the document is attached as Exhibit 1.

### B.  Plaintiff's Complaint is impermissibly vague

The Federal Rules of Civil Procedure, pursuant to Fed. R. Civ. P. 8(a)(2), require a "short and plain statement of the claim showing that the pleader is entitled to relief…" "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp.*, 550 U.S. at 556). In this case, Plaintiff has failed to plead facts that would allow this Court to draw a reasonable inference that Judge Ewing is liable for the conduct alleged.

Plaintiff's complaint provides no factual basis for plaintiff's allegations of constitutional violations on the part of Judge Ewing. Plaintiff claims Judge Ewing removed

---

[10] *Odonnell v. Harris County, Texas*, 227 F. Supp. 3d 706 (S.D. Tex. 2016), reconsideration denied, CV H-16-1414, 2017 WL 784899 (S.D. Tex. Mar. 1, 2017)and aff'd in part, rev'd in part, 882 F.3d 528 (5th Cir. 2018), opinion withdrawn and superseded on reh'g sub nom. ODonnell v. Harris County, 892 F.3d 147 (5th Cir. 2018)and aff'd in part, rev'd in part sub nom. ODonnell v. Harris County, 892 F.3d 147 (5th Cir. 2018) citing *Isquith for & on Behalf of Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988).

him from cases and failed to appoint him to new ones as retaliation because Willey publicly complained about the practices in the Galveston County criminal system; however, he fails to plead any facts in support of any public complaints. The only complaint alleged about the practices in the Galveston County criminal system was filed with the Texas Indigent Defense Committee. ¶ 62-63.

Plaintiff's Complaint is impermissibly vague. While Plaintiff alleges Judge Ewing's retaliation was limited to removing him from cases and failing to appoint new ones, his Complaint contains several allegations that complain about the Judge's decisions regarding payment of his vouchers and denials of his request for an investigator.

In Paragraphs 51-53 and 55, Willey alleges that Judge Ewing denied his motions for release on personal recognizance on behalf of four clients despite his submission of "an extensive memorandum of law" arguing that it is unconstitutional to jail someone solely because he or she cannot afford bail. However, in paragraph 54, Willey alleges that no attorney appeared to have ever made this argument before the Galveston Criminal Courts. Further, Willey failed to assert any factual allegations to demonstrate that release on personal recognizance would have been proper for any of the four clients. Similarly, in paragraphs 56-58, Willey alleges that Judge Ewing denied his motions for waiver of court costs while simultaneously alleging no attorney appeared to have made the argument before the Galveston Criminal Courts.

Additionally, Plaintiff's Complaint includes numerous allegations regarding the Indigent Defense System and such allegations extend well beyond what the pleading standards require to support his retaliation claim. It is not clear whether Plaintiff is asserting

a claim against the Indigent Defense System or if the allegations are asserted to further his political aims to reform the Indigent Defenses System in Galveston County or garner support for his non-profit organization created to advance his passionate commitment to indigent defense. Regardless of Plaintiff's intent, these allegations do not support any alleged retaliation claim against Judge Ewing, are improper and should be disregarded in their entirety.

### C. Plaintiff has failed to plead the elements to state a claim for a violation of his First Amendment rights in association with employment retaliation.

Plaintiff pleads conclusory allegations that Judge Ewing retaliated against him for exercising his right to free speech by removing him from the list and failing to appoint him any more cases. Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. In this case, Plaintiff fails to provide even a formulaic recitation of the elements of his cause of action for retaliation for exercise of free speech.[11]

---

[11] While Plaintiff recited the elements for his cause of action to the Court in his response to Defendant's pre-motion letter, the Plaintiff's Complaint contains virtually none of the information provided to the Court in his letter and as a result, to the extent Plaintiff relies on any of the contents of the pre-motion letter, Defendant objects.

To establish a retaliation claim, plaintiffs must prove the following elements: "(1) the plaintiff suffered an adverse employment decision, (2) the plaintiff's speech involved a matter of public concern, (3) the plaintiff's interest in speaking outweighed the governmental defendant's interest in promoting efficiency, and (4) the protected speech motivated the defendant's conduct." *Juarez v. Aguilar*, 666 F.3d 325, 332 (5th Cir. 2011) quoting *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004).

### 1. Willey fails to sufficiently allege an adverse employment decision

While Plaintiff's makes the conclusory statement that Judge Ewing "refuses to assign him to additional cases" he fails to allege sufficient facts to support his claim. In fact, Willey only speculates that the reason he hasn't received any appointments from Judge Ewing since May 2016 is retaliatory. Specifically, Willey speculates that "given the number of attorneys on the panel in Galveston, it is very unlikely…that random selection would have caused Willey to receive zero appointments in non-jail-docket cases before Judge Ewing over this period." ¶ 105-106. However, Willey fails to indicate whether or not he was receiving appointments from other judges during this time period and fails to allege he was available to receive appointments during the time period in question. Willey merely speculates that it is unlikely random selection would have caused the lack of appointments. Plaintiff is required to plead facts to support his allegations that are more than mere conceivable, possible, and/or conclusory.[12]

---

[12] *See Ashcroft*, 556 U.S. at 678–79; *Bell Atlantic Corp.*, 550 U.S. at 555 (holding that conclusions of facts or elements insufficient to support grounds for relief).

## 2. Willey's speech did not involve a matter of public concern.

A First Amendment retaliation claim requires plaintiff to establish that he spoke as a citizen involving a matter of public concern, as opposed to an employee speaking on matters of personal interest. *Fiesel v. Cherry*, 294 F.3d 664, 667–68 (5th Cir. 2002). To determine whether the speech at issue is entitled to First Amendment protection, courts must engage in a two-step inquiry. *See Lane v. Franks*, 134 S. Ct. 2369, 2378, 189 L. Ed. 2d 312 (2014). "The first step requires determining whether the employee spoke as a citizen on a matter of public concern."[13]  If the answer is no, such as in the instant case, the Plaintiff has no First Amendment cause of action for retaliation based on the speech.  If the answer is yes, the question then becomes whether the employer had adequate justification. *Garcetti*, 547 U.S. at 418; *Pickering*, 391 U.S. at 568.

Whether speech involves a matter of public concern is "determined by the content, form, and context of a given statement, as revealed by the whole record."[14]   To be a matter of public concern, the expression must be it can be "fairly considered as relating to any matter of political, social, or other concern to the community."[15]  Whether a statement is made as an employee or as a citizen is a question of law. *Graziosi*, 775 F.3d at 736, *Davis v. McKinney*, 518 F.3d 304, 315 (5th Cir. 2008). Similarly, whether a statement addresses a matter of public concern is a question of law.[16]

---

[13] *Garcetti v. Ceballos*, 547 U.S. 410, 418, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006); *Pickering v. Bd. of Ed. of Tp. High Sch. Dist. 205, Will County, Illinois*, 391 U.S. 563, 568, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968).

[14] *Graziosi v. City of Greenville Miss.*, 775 F.3d 731, 737–38 (5th Cir. 2015) quoting *Connick v. Myers*, 461 U.S. 138, 147–48, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983).

[15] *Graziosi*, 775 F.3d at 737–38 quoting *Connick*, 461 U.S. at 146; *see also Lane*, 134 S. Ct. at 2380.

[16] *Graziosi*, 775 F.3d at 736; *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 184 (5th Cir. 2005).

In support of his cause of action for retaliation in violation of his First Amendment rights, Willey alleges Judge Ewing removed him from cases to which he was appointed and refused to assign him to additional cases as retaliation because he "publicly complained about the practices in the Galveston County criminal system, because he sought to provide a vigorous legal and factual defense for his clients, and because he made reasonable requests for the funds necessary to provide a vigorous defense legal and factual defense for his clients." Willey further alleges that Judge Ewing retaliated against him because of his "constitutionally protected advocacy" which included non-frivolous motions, requests for reasonable funds, complaints to state authorities, in and out of court memoranda, and in-person conversations with Judge Ewing. However, Willey's Complaint fails to assert any factual allegations consistent with his claim for relief. In fact, Willey fails to even allege facts establishing that he spoke in his role as a citizen rather than in pursuit of his duties as defense counsel.

While Plaintiff's Complaint contains multiple pages of recitations complaining of the indigent defense system, the specific speech for which he alleges Judge Willey retaliated against him is consistent with complaints regarding conduct related to his duties as appointed defense counsel rather than speech involving a matter of public concern. Willey specifies that he filed this lawsuit to vindicate his right to advocate for his clients and speak on their behalf without fear that he will be removed from his position as a result. The right Willey seeks to vindicate is not a right to free speech but rather a right to do his job. When a public employee speaks pursuant to his official duties, he does not speak as a citizen and his statements are not entitled to constitutional protection. *Graziosi*, 775 F.3d

at 737 citing *Garcetti*, 547 U.S. at 421. A defense attorney appointed to represent an indigent defendant has a duty to advocate for his clients and speak on their behalf; speech in furtherance of these duties is wholly inconsistent with a First Amendment claim for speech made as a citizen involving matters of public concern. This very issue was addressed by the Sixth Circuit in *Mezibov v. Allen*. Plaintiff Mezibov, a criminal defense attorney, claimed that defendant Allen uttered defamatory comments about him, in retaliation for Mezibov's pursing his First Amendment right to "fil[e] motions and rais[e] legitimate defenses" on behalf of his clients. The District Court granted Defendant's Motion to Dismiss pursuant to rule 12(b)(6) holding as follows:

> in filing motions and vigorously defending his client in court, Mezibov was not engaged in a constitutionally protected activity. The district court noted that although Mezibov claims his activities are protected under the First Amendment, they are simply discrete functions of the practice of law, which is not a privilege or immunity protected by the Constitution. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)

> *Bright v. Gallia County, Ohio*, involved similar issues. In both cases, the lawyers' speech came from inside the courtroom and in service of a client. The Bright Court finding no valid distinction in fact or law between *Mezibov* and Bright ruled that *Mezibov* was binding precedent in the sixth circuit and could only be overturned only by a decision of the en banc court or the United States Supreme Court. *Bright v. Gallia County, Ohio*, 753 F.3d 639, 654–55 (6th Cir. 2014)

The specific grievances Willey expressed to or about Judge Ewing were that Judge Ewing removed him from cases and stopped assigning him new cases, neither of which involve matters of public concern. Willey's allegations, coupled with his requested relief

of declaratory judgment that Judge Ewing not retaliate against him, implicate complaints and/or grievances against Judge Ewing for perceived wrongs against Willey as opposed to protected speech as a citizen involving a matter of public concern. The contents of an internal grievance are not entitled to First Amendment protection. *See Connick*, 461 U.S. at 149. Matters complained of are subjective matters unique to Willey and involve intra-office complaints that are of no public concern.

### 3. Willey's Complaint fails to plead that his interest in speech outweighed the Court's interest in running its docket.

Willey's Complaint fails to allege any facts to even suggest his interest in speaking outweighed the governmental defendant's interest in promoting efficiency. His Complaint wholly fails to address this element.

### 4. Willey fails to plead facts demonstrating his speech precipitated the adverse employment decisions.

In *Bright v. Gallia County, Ohio*, the Sixth Circuit considered whether the defendant knew of the plaintiff's protected conduct; and "whether 'the chronology of events supported an inference of causation,' such as temporal proximity between the speech and the adverse action."[17] Plaintiff fails to set forth a chronology that would support a temporal proximity.

The only expressions that could be characterized "as relating to any matter of political, social, or other concern to the community" are Willey's complaints as to the Indigent Defense Commission regarding constitutional violations in the Galveston Jail

---

[17] *Bright*, 753 F.3d at 653–54 quoting *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 545–46 (6th Cir. 2012); *see also King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012); *Paige v. Coyner*, 614 F.3d 273, 282–83 (6th Cir. 2010).

Docket. However, there is no indication that Judge Ewing had knowledge of any of the complaints; accordingly, Judge Ewing could not have retaliated against speech about which he had no knowledge. The only complaints of which Judge Ewing clearly had knowledge were Willey's specific complaints against him for perceived wrongs and/or conduct towards Willey which are clearly not a matter of public concern.

### D. Judge Ewing is entitled to judicial immunity.

Plaintiff has failed to state a claim for which relief can be granted because the facts alleged demonstrate that Judge Ewing is entitled to judicial immunity in all actions taken in his judicial capacity. In fact, Plaintiff, citing *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 227 (5th Cir. 2009) concedes that the Fifth Circuit has held that maintaining and administering a panel for counsel appointments is a judicial act. Plaintiff is well aware his request for injunctive relief cannot be granted and concedes the remedy requested was only included to preserve his arguments in order to challenge the Fifth Circuit's holding in *Davis v. Tarrant County*. Plaintiff also concedes his request for an award of attorney's fees is not available and was only included to preserve his argument that the Fifth Circuit's holding in *Davis v. Tarrant County* is incorrect.

### E. Plaintiff's allegations fail to state a claim upon which a declaratory judgment can be granted.

A complaint for declaratory relief must meet the FRCP 8(a) pleading standards; thus, the complaint must state facts demonstrating an actual controversy within the court's jurisdiction that *requires* declaratory relief. *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004).

Plaintiff's only cause of action is retaliation in violation of his First Amendment rights, specifically, that Judge Ewing removed Willey from cases to which he had already been appointed and refused to assign him to additional cases because he publicly complained about the practices in the Galveston County criminal system, because he sought to provide a vigorous defense for his clients, and because he made reasonable requests for funds; however, Willey's request for a declaratory judgment that Judge Ewing may not retaliate against him for filing non-frivolous motions, requesting reasonable funds, and for advocating in and out of court is wholly inconsistent with his claims. Willey alleges Judge Ewing removed him from cases and refused to assign him new ones. Plaintiff has failed to allege facts demonstrating that his only viable request for relief, declaratory judgment, is necessary.

Not only has Plaintiff failed to state facts demonstrating why declaratory relief is necessary, but the factual assertions made by Plaintiff affirmatively demonstrate that declaratory relief is not required as the Galveston County Indigent Defense Plan already has procedures in place to address Plaintiff's alleged complaints against Judge Ewing.

Paragraphs 13-17 of Plaintiff's Complaint demonstrate that declaratory judgment is not required because Galveston County's Indigent Defense Plan ("the plan") already has procedures in place to prevent the conduct Plaintiff seeks declaratory judgment to prevent. The plan created the office of an Indigent Defense Services Coordinator tasked with maintaining the list of attorneys and ensuring that the Criminal Courts "follow the plan for appointing attorneys." ¶ 13

Paragraphs 100-101 of Plaintiff's Complaint demonstrate declaratory relief is not

required because any complaints regarding Judge Ewing's perceived failures to appoint cases are reviewable by the State Commission on Judicial Conduct.

Further, the factual allegations demonstrate that Willey has already sought relief for the conduct of which he complained through the proper state established channels. Unhappy with the findings of the proper state established vehicles for redress, Willey now erroneously seeks redress through the Federal Court system hoping for a different result.

### F. The requested declaratory relief violates the judicial canons.

The Code of Judicial Conduct provides that judges "should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and "shall not allow any relationship to influence judicial conduct or judgment." TX ST CJC Canon 2A. This is in furtherance of the goal of avoiding the appearance of impropriety. If granted, the requested declaratory judgment would be a violation of this Canon as it would place this Court in a position to influence Judge Ewing's judicial conduct or judgment. The declaratory judgment would influence Judge Ewing's judicial conduct or judgment in any matters involving the Plaintiff. Willey's requested relief would cause the unintended side effect that judicial immunity was established to prevent, i.e., judges letting fear of liability influence their judgments. *Bradley v. Fisher*, 80 U.S. 335, 347, 20 L. Ed. 646 (1871). Similarly, the injunctive relief sought would violate Canon 3C(4) of the Texas Code of Judicial Conduct as it would compel Judge Ewing to assign cases to Willey rather than exercising "the power of appointment impartially and on the basis of merit." Canon 3C(4)

### G. Plaintiff's allegations regarding the indigent defense system in Texas and Galveston County fails to state a claim upon which relief can be granted

Plaintiff alleges that the "indigent defense system in Texas is in crisis" and that lawyers are forced to handle too many cases. Plaintiff further alleges that the system where judges control the appointment of counsel for indigent people creates "an entrenched conflict of interest: instead of fighting for the undivided interests of their clients, lawyers must ensure they do not upset or inconvenience the judges." Plaintiff further alleges that throughout Texas, "lawyers fear retaliation if they advocate too vigorously for their clients." Plaintiff's Complaint contains multiple pages of recitations complaining of the indigent defense system but wholly fails to state a claim upon which relief can be granted against Judge Ewing. In fact, Plaintiff does not request *any* relief related to his complaints of the indigent defense system.

Plaintiff seeks relief from this Court on a matter already considered by the State Commission on Judicial Conduct and to challenge the bail procedure in Galveston County.

Plaintiff's lawsuit seeks to have the Federal Court take actions that Galveston County's Indigent Defense Plan has assigned to the office of the Indigent Defense Services Coordinator who is tasked with maintaining the list of attorneys and ensuring that the Criminal Courts "follow the plan for appointing attorneys."[18]

## VI. CONCLUSION

The allegations in Plaintiff's Complaint clearly demonstrate not only that Plaintiff lacks subject matter jurisdiction but also that he fails to state a claim upon which relief may

---

[18] Doc. 1 at P 13.

be granted.

Plaintiff's efforts to expose the faults of the indigent defense system in Texas and Galveston County clearly demonstrate this lawsuit was filed not for the purpose of obtaining relief from this Court, but rather to garner publicity and support for Plaintiff's non-profit organization. While Plaintiff's passionate commitment to indigent defense is admirable and a commitment he believes to be commanded by his Christian faith, hijacking the Federal Court system and asserting vague, unsupported and invalid claims against Defendant to further his cause is an abuse of the legal process. Willey does not seek declaratory judgment that Judge Ewing may not retaliate against him. Instead, he has attempted to use a lawsuit against Judge Ewing in his official capacity as a means to collaterally challenge the constitutionality of the Indigent Defense system in Texas and Galveston County.

As stated above, Plaintiff clearly lacks standing to bring the claims asserted herein and wholly fails to state a claim or cause of action upon which the requested relief can be granted. Therefore, Defendant's Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) should be granted in their entirety.

<div style="margin-left: 40%;">

Respectfully submitted,

**LOWENBERG & KUMAR**

By:    */s/ Michael J. Lowenberg*
          **MICHAEL J. LOWENBERG**
          Federal Bar No. 22584
          Texas Bar No. 24001164
          Email: Mike@thetexastriallawyers.com

</div>

**ANDREW D. KUMAR**
Federal Bar No. 1409965
Texas Bar No. 24075913
Email: Andrew@thetexastriallawyers.com
7941 Katy Freeway, Suite 306
Houston, Texas 77024
Telephone: (832) 241-6000
Telecopier: (832) 241-6001

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: */s/ Michael J. Lowenberg*
MICHAEL J. LOWENBERG, ESQ.