United States District Court
Southern District of Texas
**ENTERED**
December 17, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANDREW WILLEY | § | |
| Plaintiff. | § § § | |
| VS. | § § | CIVIL ACTION NO. 3:18–CV–00081 |
| HON. JACK EWING | § § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Andrew Willey ("Willey"), a criminal defense attorney who regularly takes appointed cases in Galveston County, alleges that Defendant Judge Jack Ewing ("Judge Ewing") removed him from cases to which he was assigned and refused to assign him to new cases after he engaged in speech critical of certain practices in the Galveston County criminal courts. Under 42 U.S.C. § 1983, Willey asserts a First Amendment retaliation claim against Judge Ewing, seeking declaratory relief, injunctive relief, and attorney's fees under 42 U.S.C. § 1988.

Pending before the Court is Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) Motion to Dismiss for Failure to State a Cause of Action ("Defendant's Motion to Dismiss"). Dkt. 14. Defendant's Motion to Dismiss was referred to this Court pursuant to 28 U.S.C. § 636(b)(1). Dkt. 23.

Having considered the parties' briefing, the applicable legal authorities, and oral argument, the Court recommends that Willey's claims for injunctive relief and attorney's

fees under 42 U.S.C. § 1988 be dismissed, and Defendant's Motion to Dismiss be denied in all other respects.

## BACKGROUND

Willey is a criminal defense attorney, with a particular interest in providing defense to indigent individuals in and around Galveston County. Willey regularly accepts appointments to represent indigent defendants in the Galveston County Courts at Law. Judge Ewing is the judge of Galveston County Court at Law Number Three. Willey has appeared before Judge Ewing on several occasions after receiving appointments to represent indigent defendants in his court.

Willey alleges that as a result of his practice in the Galveston County Courts at Law, he has discovered a myriad of troubling, if not unconstitutional, practices that occur in Galveston County's courts. For example, Willey alleges that (1) appointed attorneys are given inadequate resources to represent their clients; (2) Galveston County has an unconstitutional money bail system; (3) the courts' dockets are impermissibly controlled by the district attorney's office; and (4) defense attorneys cannot confidentially communicate with their clients. Willey alleges that he spoke out against these practices in three ways: he advocated out of court and filed complaints with state agencies; he made requests for fees and appealed their denial; and he advocated in court.

Willey claims that as a result of his zealous advocacy for changes to the Galveston County criminal courts and on behalf of indigent defendants, Judge Ewing removed him from cases to which he was already assigned (in Judge Ewing's court) and refused to

assign him to new cases in his court. Based on Judge Ewing's alleged conduct, Willey filed this First Amendment retaliation suit.

Judge Ewing moves to dismiss Willey's Complaint.

## MOTION TO DISMISS STANDARD

Because Defendant's Motion to Dismiss seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Court will first address the applicable legal standards.

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter of the district court to hear a case. When a court evaluates subject matter jurisdiction, it may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of the disputed facts." *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010) (internal quotation marks and citation omitted).

The standard of review for a 12(b)(1) motion to dismiss turns on whether the defendant has made a "facial" or "factual" jurisdictional attack on the plaintiff's complaint. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A defendant makes a "facial" jurisdictional attack by merely filing a motion under Rule 12(b)(1) challenging the court's jurisdiction. *See id.* Under a "facial" attack, the court is only required to assess the sufficiency of the allegations contained in the plaintiff's complaint, which are presumed to be true. *See id.* A "factual" attack, however, is made by providing affidavits, testimony and other evidentiary materials challenging the court's

jurisdiction. *See id.* When a "factual" jurisdictional attack is made by a defendant, the plaintiff must submit facts in support of the court's jurisdiction, and he bears the burden of proving by a preponderance of the evidence that the court, in fact, has subject-matter jurisdiction. *See id.* Because Judge Ewing challenges the sufficiency of the pleadings and does not provide affidavits, testimony and other evidentiary materials, his motion will be analyzed as a facial attack.

**B.  Rule 12(b)(6)**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard does not require "detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). Under Rule 12(b)(6), a party may "move for dismissal for a failure to state a claim upon which relief can be granted." *Lemieux v. Am. Optical Corp.*, 712 F. App'x 409, 412 (5th Cir. 2018) (internal quotation marks omitted). "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Tex. A&M Univ. Syst.*, 117 F.3d 242, 247 (5th Cir. 1997) (citation omitted).

Dismissal is appropriate "when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011) (citation omitted). However, "[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand*

4

v. *US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks and citation omitted). "Determining whether the plausibility standard has been met is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

## SUBJECT MATTER JURISDICTION

Judge Ewing argues that Willey lacks standing to proceed against him because Willey cannot demonstrate the elements required to invoke the Court's jurisdiction.[1]

Article III of the U.S. Constitution limits the power of federal courts to the resolution of "Cases" or "Controversies." U.S. CONST. art. III, § 2. The requirement that a plaintiff establish standing to bring suit "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Every federal court plaintiff must therefore meet the "irreducible constitutional minimum" of Article III standing, which requires: (1) an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury be fairly traceable to the challenged action; and (3) that the injury can be redressed by a favorable ruling. *Id.* at 560–61. *See also Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).

**Injury In Fact:** Judge Ewing argues that Willey has failed to allege facts indicating that he has suffered an injury in fact. "To establish injury in fact, a plaintiff

---

[1] Judge Ewing also argues that Willey "lacks standing to challenge the statutory indigent defense system." Dkt. 14 at 16. This argument fails and is not worthy of a more robust discussion because Willey has not filed a claim attempting to challenge the statutory indigent defense system. *See* Dkt. 21 at 14 ("Willey's standing to challenge the indigent defense system is irrelevant because Willey does not challenge that system.").

5

must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560).

The Complaint describes, in great detail, the legal mechanisms in place to ensure that cases involving indigent defendants in Galveston County are directed to suitable defense attorneys. A part of this process involves the creation and administration of a list of attorneys who have been selected to receive appointments. The Complaint details how certain rules are in place to ensure that appointments among those listed attorneys are properly allocated. Other rules detail the requirements necessary to remove an attorney from the list or to skip an attorney once his or her name has percolated to the top of the list. These allegations demonstrate the plausible existence of a legally protected interest.

The Complaint also expressly alleges that, prior to Judge Ewing's retaliatory conduct, Willey received appointments (for which he was paid) to represent indigent defendants in Judge Ewing's court. Willey goes on to allege that since Judge Ewing began retaliating, he has not received any appointments from Judge Ewing, notwithstanding the fact that he is still on the Galveston County appointment list and no official actions have been taken to remove him from the list. The Court finds Willey has alleged a concrete harm.[2]

---

[2] Judge Ewing also argues that Willey's harm is speculative in that he

> fails to indicate whether or not he was receiving appointments from other judges during this time period and fails to allege he was available to receive appointments during the time period in question. Willey merely speculates that it is unlikely random selection would have caused the lack of appointments.

**Causation:** Judge Ewing next argues that Willey has not demonstrated a causal connection between the injury and his alleged conduct. This argument fails. Article III standing does not require that Judge Ewing be the most immediate cause, or even a proximate cause, of Willey's injuries; rather, it requires only that those injuries be "fairly traceable" to Judge Ewing. *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 431 (5th Cir. 2011) ("The causation element does not require a party to establish proximate causation, but only requires that the injury be 'fairly traceable' to the defendant.") (citing *Bennett v. Spear*, 520 U.S. 154, 168–69 (1997)). Thus, Willey need only allege an injury that fairly can be traced to the actions of Judge Ewing. *See Spokeo*, 136 S. Ct. at 1547. Willey's allegations easily cross this threshold.

**Redressability:** Next, Judge Ewing contends that Willey has failed to allege facts sufficient to demonstrate that his injury will be redressed by a favorable ruling.

Judge Ewing first argues that although Willey has sought injunctive relief and attorney's fees, such relief is foreclosed by the Fifth Circuit's opinion in *Davis v. Tarrant County, Texas*, 565 F.3d 214 (5th Cir. 2009). In the Complaint, Willey concedes that under the holding of *Davis*, "an injunction . . . may not issue against Judge Ewing under 42 U.S.C. § 1983" and "attorney's fees are unavailable." Dkt. 1 at 20. Willey explains that he included those requests for relief "only to preserve his argument that the Fifth

---

Dkt. 14 at 13. The Court is not persuaded by this logic. Willey has alleged he has not received any appointments from Judge Ewing due to retaliation. For this Court's purposes at this stage of the case, it does not matter if Willey received any appointments from another judge. If Judge Ewing wants to argue that Willey's unavailability is the real reason Judge Ewing stopped appointing Willey to cases, he will have an opportunity to present such an argument in the context of a Motion for Summary Judgment or at trial.

7

Circuit's holding [in *Davis*] . . . is incorrect." *Id.* The Court concurs with both parties; *Davis* is controlling authority in this case. *See* 565 F.3d at 227. Accordingly, Willey's requests for injunctive relief and attorney's fees are dismissed.

With respect to Willey's request for declaratory relief, Judge Ewing argues that the Court cannot grant declaratory relief because he has no interest adverse to Willey, and in any event, no continuing controversy exists between them. "For the Court to grant declaratory relief, there must be a 'substantial and continuing controversy between two adverse parties' and 'a substantial likelihood that the Plaintiffs will suffer injury in the future.'" *Browning v. PHH Mortg. Corp.*, No. CIV.A. H-12-0886, 2013 WL 3244094, at *6 (S.D. Tex. June 26, 2013) (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2008)) (brackets omitted).

In arguing that he lacks an interest adverse to Willey, Judge Ewing contends that Willey challenges his "actions, or lack thereof, taken while handling litigation on his docket" and "[a] judge acting in his judicial capacity and an attorney defending a client do not have adverse legal interests because the judge has no personal or institutional stake in the controversy." Dkt. 14 at 10. Judge Ewing's argument is predicated on an inaccurate summation of Willey's Complaint. Although Willey does allege that his interactions with Judge Ewing arose in certain cases, he does not allege that Judge Ewing's retaliatory conduct manifested as a result of Judge Ewing's adjudications in those cases. Said another way, Willey has not alleged that Judge Ewing's retaliatory conduct is based on an adjudication made against any of the parties to any of the cases Willey mentions in his Complaint. Instead, Willey alleges that Judge Ewing took actions

against his personal legal interest in continuing to serve as appointed counsel within Judge Ewing's court. That certain of Willey's instances of alleged protected speech concerned or were made at some point within the context of a case does not mean Judge Ewing's decision to disrupt Willey's ability to act as appointed counsel in his court was made while he was acting in his adjudicatory capacity. This is fatal to Judge Ewing's argument. *See, e.g., Terrebonne Par. N.A.A.C.P. v. Jindal*, No. CIV. A. 14-069-JJB-SCR, 2014 WL 3586549, at *3 (M.D. La. July 21, 2014) (explaining that the defendant's argument that "standing was absent due to a lack of adversity between the plaintiff and the defendant" was "misguided" and "unavailing" because unlike in *Bauer*, there were no facts presented that the defendant "was acting in his adjudicatory capacity") (citing *Bauer*, 341 F.3d at 359).

Judge Ewing's argument regarding the existence of a continuing controversy is also unpersuasive. Judge Ewing contends that no continuing controversy exists because after Willey's alleged protected speech occurred, he spoke with Willey and "explained the reasons for [Willey's] removal from the cases at issue and that said reasons were inconsistent with retaliation." *Id.* at 11. Judge Ewing implies that Willey accepted the resolution afforded by their conversation and therefore no continuing controversy exists. *See id.* This argument has no teeth. Although Judge Ewing might have explained his reasons for removing Willey from cases, Willey certainly did not accept those reasons. To the contrary, Willey forcefully argues (as evinced by the filling of this lawsuit) that a controversy exists. Thus, Judge Ewing's argument fails.

Judge Ewing also contends that the declaratory relief Willey seeks will not redress his harm. In support of this claim, Judge Ewing makes several arguments about what such prospective relief might look like and how such declarations will interact with the Judicial Canons and other laws. The Court finds such arguments to be premature. At this stage, the Court will not burden itself by attempting to discern all the possible permutations that could be appropriate for a future declaration. The Court will consider the specific construction of any declaration, if and when, such becomes necessary.

In sum, the Court finds that Willey's allegations are sufficient to establish standing. *See Spokeo*, 136 S. Ct. at 1547 ("Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element.") (internal quotation marks, alteration, and citation omitted).

The Court now turns to Judge Ewing's argument that Willey failed to state a claim.

## FAILURE TO STATE A CLAIM

To establish a First Amendment retaliation claim under Section 1983, Willey "must show that (1) []he suffered an adverse employment action; (2) h[is] speech involved a matter of public concern; (3) h[is] interest in commenting on matters of public concern outweighed the defendant's interest in promoting . . . efficiency; and (4) h[is] speech was a substantial or motivating factor in the defendant's adverse employment action." *Burnside v. Kaelin*, 773 F.3d 624, 626 (5th Cir. 2014) (collecting cases).

Judge Ewing asserts that Willey's Complaint fails to allege sufficient facts to show each element.

**Adverse Employment Decision:** As described above, Willey alleges that as a result of engaging in protected speech, Judge Ewing removed him from cases to which he was assigned and refused to assign him to new cases in his court. Judge Ewing argues that those factual allegations are insufficient because "Willey fails to indicate whether or not he was receiving appointments from other judges during this time period and fails to allege he was available to receive appointments during the time period in question." Dkt. 14 at 13. And, thus, "Willey merely speculates that it is unlikely random selection would have caused the lack of appointments." *Id.* The Court is not persuaded by Judge Ewing's argument. At this stage, the Court must accept all of Willey's factual allegations as true and make all reasonable inferences in Willey's favor. *See Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) ("we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff") (internal quotation marks and citation omitted). In light of the highly deferential standard applicable at this stage of the litigation, and considering Willey's well-pleaded factual allegations, the Court finds Willey has sufficiently alleged an adverse employment decision.

**Matter of Public Concern:** Whether Willey's speech relates to a matter of public concern is a question of law to be resolved by the court. *See Markos v. City of Atlanta*, 364 F.3d 567, 570 (5th Cir. 2004). "An employee's speech may contain an element of personal interest and yet still qualify as speech on a matter of public concern." *Harris v. Victoria Ind. Sch. Dist.*, 168 F.3d 216, 222 (5th Cir. 1999) (citation omitted). "[E]ven a mere scintilla of speech regarding a matter of public concern is sufficient to treat the entire communication as mixed speech." *Stotter v. Univ. of Tex. at San Antonio*, 508

F.3d 812, 826 (5th Cir. 2007). "In mixed speech cases, to determine whether speech addresses a matter of public concern, a court must evaluate the 'content, form, and context of a given statement, *as revealed by the whole record.*'" *Brown v. Leflore Cty.*, 150 F. Supp. 3d 753, 762 (N.D. Miss. 2015) (quoting *Connick v. Myers*, 461 U.S. 138, 147–48 (1983)) (emphasis added).

Willey contends that he engaged in protected speech concerning unconstitutional practices in the Galveston County criminal courts in three ways: he advocated out of court and filed complaints with state agencies; he made requests for fees and appealed their denial; and he advocated in court. The specific content of Willey's speech was not detailed in the Complaint, but Willey does generally describe the type of unconstitutional conduct that Galveston County allegedly engaged in that served as the subject of, and reason for, him speaking out. Such speech presumptively involves a matter of public concern. In order to fully evaluate the nature of Willey's speech, the Court will need to consider the content, form, and context of the statements made, as revealed by the whole court record. Thus, the Court finds that the factual allegations in the Complaint plausibly suggest an entitlement to relief, which is sufficient to withstand a motion to dismiss at this time.

**Balancing Public Concern and Efficiency:** "In stating a prima facie case at the motion-to-dismiss stage of a case, there is a rebuttable presumption that no balancing is required to state a claim." *Burnside*, 773 F.3d at 628 (citation omitted). Here, "nothing in [Willey's] [C]omplaint indicates that [his] interest in commenting on [certain practices in the Galveston County criminal courts] was surpassed by [Judge Ewing's] interest in

workplace efficiency. Thus, the [C]omplaint's allegations are sufficient to survive [Judge Ewing's] motion to dismiss." *Id.* at 628–29.

**Motivating Factor:** Willey alleges Judge Ewing took adverse actions against him because he engaged in protected speech. At least one of the forms of protected speech took place only several days before Judge Ewing's alleged adverse actions began. *See e.g.,* Dkt. 1 ¶¶ 62 (Willey filed complaint with Texas Indigent Defense Commission on May 20, 2016), 64 (on May 31, 2016, Willey discovered Judge Ewing removed him from a case). The Court finds, therefore, that Willey has sufficiently alleged that his protected speech motivated Judge Ewing's actions. *See Mooney v. Lafayette Cty. Sch. Dist.*, 538 F. App'x 447, 454 (5th Cir. 2013) ("Close timing between . . . protected [speech] and an adverse employment action can be a sufficient basis for a court to find a causal connection required to make out a *prima facie* case of retaliation."); *Smith v. Coll. of the Mainland*, 63 F. Supp. 3d 712, 719 (S.D. Tex. 2014) ("closeness in time is . . . relevant in the First Amendment retaliation context") (citation omitted).

**Remaining Arguments:** Judge Ewing also seems to imply that Willey was required to, at a minimum, specifically recite the elements of his First Amendment retaliation cause of action. *See* Dkt. 14 at 20 ("In this case, Plaintiff fails to provide even a formulaic recitation of the elements of his cause of action for retaliation for exercise of free speech."). This argument is nonsensical because our case law makes clear that the sufficiency of a Complaint is determined by considering its substance (factual allegations), not its form. *See, e.g., Rios v. City of Del Rio*, 444 F.3d 417, 420–21 (5th Cir. 2006) ("the complaint must contain either direct allegations on every material point

13

necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial") (internal quotation marks, ellipses, and citations omitted). In this case, Willey provides 20 pages of factual allegations and specifically states that his claims for relief are based on "Retaliation in Violation of Willey's First Amendment Rights." Dkt. 1 at 19. Although Willey does not cite a case in his Complaint setting forth the elements required to state such a claim, he has clearly alleged facts addressing each element. "The Court concludes that these allegations suffice to withstand a Rule 12(b)(6) motion at this time." *Kleppinger v. Tex. Dep't of Transp.*, No. CV L-10-124, 2012 WL 12893480, at *3 (S.D. Tex. 2012).

Judge Ewing also argues that Willey has failed to state a claim because the Complaint fails to allege facts demonstrating that declaratory judgment is "necessary." Dkt. 14 at 27. Judge Ewing claims that "the factual assertions made by Plaintiff affirmatively demonstrate that declaratory relief is not required as the Galveston County Indigent Defense Plan already has procedures in place to address Plaintiff's alleged complaints," and Willey has already sought relief through "the proper state established vehicles for redress" *Id.* These arguments are not persuasive. In the Complaint, Willey describes the ins-and-outs of attorney appointments in Galveston County, including certain avenues of relief (under state law) that might be available to an aggrieved attorney. The mere existence of some avenue of relief—whether Willey avails himself of such relief or not—does not undermine Willey's claim for declaratory relief at this stage of the case. Willey has alleged sufficient factual allegations to support his claim for

declaratory relief, and in this Court's view, the necessity of such relief has been plausibly alleged.

Finally, Judge Ewing argues that he "is entitled to judicial immunity in all actions taken in his judicial capacity." *Id.* at 26. However, "judicial immunity is not a bar to prospective injunctive relief against a judicial officer." *Pulliam v. Allen*, 466 U.S. 522, 541 (1984). Thus, Judge Ewing's judicial immunity argument fails.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED in part** and **DENIED in part**. Specifically, Willey's claims for injunctive relief and attorney's fees under 42 U.S.C. § 1988 should be DISMISSED. The motion should be denied in all other respects.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 17th day of December, 2018.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE